AO 106 (Rev. 04/10)  Application for a Search Warrant | AUTHORIZED AND APPROVED/DATE: s/ Danielle M. Connolly 03-25-2022

# UNITED STATES DISTRICT COURT

for the

Western District of Oklahoma

FILED

MAR 2 5 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ ,DEPUTY

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

The Cellular Telephone Assigned Call Number
(469) 703-9320, with IMEI Number 310260299423316, That
is Controlled by T-Mobile, Inc.

)
)
)
)
)
)

Case No.  M-22-226 -P

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:

See attached Affidavit of Special Agent Jon Dangle, Homeland Security Investigations (HSI).

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days:( _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jon Dangle, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  3/25/22

City and state:  Oklahoma City, Oklahoma

_____
*Judge's signature*

Gary M. Purcell, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

This warrant applies to records and information associated with the cellular telephone assigned call number **(469) 703-9320**, with **International Mobile Subscriber Identity (IMEI) number 310260299423316** (**Subject Phone**), that is stored at premises controlled by T-Mobile, Inc. (T-Mobile), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED

I.  **Information to be Disclosed by the Provider.**

To the extent that the information described in **Attachment A** is within the possession, custody, or control of the provider, T-Mobile, Inc. (T-Mobile), including any information that has been deleted but is still available to T-Mobile, or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), T-Mobile is required to disclose to the government the following information pertaining to the account described in **Attachment A** (the Account) for the time period March 1, 2020, through March 5, 2022:

a.  The following information about the customers or subscribers of the Account:

    i.  names (including subscriber names, usernames, and screen names);

    ii.  addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    iii.  local and long-distance telephone connection records;

    iv.  records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol (IP) addresses) associated with those sessions;

    v.  length of service (including start date) and types of service utilized;

    vi.  telephone or instrument numbers including MAC addresses, Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Equipment Identifier (MEID); Mobile Identification Number (MIN), Subscriber Identity Modules (SIM), Mobile Subscriber Integrated Services Digital Network Number (MSISDN); International Mobile Subscriber Identity Identifiers (IMSI), or International Mobile Equipment Identities (IMEI);

    vii.  other subscriber numbers or identities (including the registration IP address); and

   viii.  means and source of payment for such service (including any credit card or bank account number) and billing records.

b.  All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

    i.  the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    ii.  information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received: as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

## II.    Information to be Seized by the Government.

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § 846 (Drug Conspiracy) involving **Cesar Alejandro FONSECA-ECHEVARRIA (CESAR)** during the period March 1, 2020, through March 5, 2022.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by T-Mobile in order to locate the things particularly described in this Warrant.

2

**THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

**<u>AFFIDAVIT IN SUPPORT OF SEARCH WARRANT</u>**

I, Jon Dangle, Special Agent of Homeland Security Investigations, being duly sworn, depose and state as follows:

1.     I make this Affidavit in support of an application for a search warrant for information associated with the cellular telephone assigned call number **(469) 703-9320**, with **International Mobile Subscriber Identity (IMEI) number 310260299423316 (Subject Phone)**, that is stored at premises controlled by T-Mobile, Inc. (T-Mobile), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

2.     The information to be searched is described in the following paragraphs and in **Attachment A**.   This Affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41 to require T-Mobile to disclose to the government copies of the information further described in Section I of **Attachment B**.   Upon receipt of the information described in Section I of **Attachment B**, government-authorized persons will review the information to locate items described in Section II of **Attachment B**.

3.     I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since April 2015.   I am presently assigned to the HSI office in Oklahoma City, Oklahoma (hereinafter, HSI Oklahoma City).

4.     I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.   I am authorized to conduct criminal investigations of violations of the laws of the United States and to execute warrants issued under the authority of the United States.

5.     I have been involved in a wide variety of investigative matters. Among other responsibilities, I am responsible for conducting investigations into violations of federal criminal laws, including the manufacturing and possession of controlled substances with the intent to distribute.   I have received approximately 24 weeks of specialized training at the Federal Law Enforcement Training Center in the enforcement of federal laws.   I have arrested, interviewed, and debriefed numerous individuals who have been involved and have personal knowledge of transporting and concealing narcotics, as well as, the amassing, spending, converting, transporting, distributing, laundering and concealing of proceeds from narcotics trafficking and smuggling.   I have participated in numerous investigations involving physical and electronic surveillance.   I have testified in judicial proceedings concerning the prosecution for violations of laws related to the smuggling and trafficking of contraband, including controlled substances.   I have been the affiant and participated on numerous federal search warrants.   I have also

2

received training in the proper identification, preservation, and collection of digital devices and storage media.

6.      Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.   I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

7.      Based on the facts set forth below, I believe that there is probable cause to believe that information in the possession of T-Mobile related to **Subject Phone**, including historical cellular telephone records regarding communication to and from **Subject Phone** and associated global positioning system (GPS) location data, contains evidence of violations of 21 U.S.C. § 846 (Drug   Conspiracy)   committed   by   **Cesar   Alejandro   FONSECA-ECHEVARRIA (CESAR)** and his associates within the Western District of Oklahoma, as well as **CESAR's** attempts to avoid arrest since a federal warrant was issued for his arrest in September 2021.   I submit that there is probable   cause   to   search   the   records   and   information   described   in **Attachment A** for evidence of these crimes as further described in **Attachment B**, as set out herein.

## PROBABLE CAUSE

8.      HSI Oklahoma City, the Oklahoma Bureau of Narcotics (OBN), the Oklahoma City Police Department (OCPD), and the United States Postal

Inspection Service (USPIS) worked together to investigate a drug trafficking organization (DTO) operated by **CESAR**, his brother Jose Andres FONSECA-ECHEVARRIA (JOSE), and others in the Oklahoma City, Oklahoma area and other parts of the state.   The investigation revealed that the Fonseca DTO was involved in the importation, transportation, and distribution of controlled substances—specifically, methamphetamine, heroin, and fentanyl.

9.     From March 2020 through approximately May 2021, law enforcement investigated the Fonseca DTO using a combination of confidential sources of information, undercover officers, physical surveillance, controlled purchases, electronic surveillance, and ultimately Title III wire interceptions.

10.    Agents terminated wire interceptions of cellular phones used by **CESAR** and JOSE on April 1, 2021, due to inactivity on the lines.   It had become clear to investigators that members of the DTO were aware of law enforcement scrutiny and were taking steps to avoid detection.   Agents determined that at this time, **CESAR** was residing at 2116 SW 70th Street, Oklahoma City, Oklahoma, with his wife, Maria Anabel ONTIVEROS-MARTINEZ (ONTIVEROS), and three children.

11.    Based upon the investigation into the Fonseca DTO, agents sought and obtained a criminal complaint in United States District Court for the Western District of Oklahoma on September 8, 2021, charging **CESAR** and eight others with violation of 21 U.S.C. § 846, Conspiracy to Possess with

4

Intent to Distribute and to Distribute Controlled Substances—Namely Methamphetamine, Heroin, and Fentanyl. *See United States v. Cesar Alejandro Fonseca-Echevarria,* Case No. M-21-524-STE. In connection with that complaint, United States Magistrate Judge Shon T. Erwin issued a warrant for **CESAR**'s arrest.

12. On September 16, 2021, law enforcement attempted to serve the arrest warrant for **CESAR** at 2116 SW 70th Street, Oklahoma City, Oklahoma. Investigators observed **CESAR** leave the residence driving a Dodge Charger, followed by a Cadillac driven by ONTIVEROS, in which their three children were passengers. The vehicles left the property simultaneously. Shortly after their departure, an OCPD officer in a marked unit attempted to initiate a traffic stop on the Charger driven by **CESAR** by activating his emergency lights. However, ONTIVEROS stopped her vehicle in the middle of the road, blocking the marked unit and other agents in unmarked vehicles. Subsequently, **CESAR** failed to yield to the marked unit with activated emergency equipment and fled at an unsafe speed, ultimately crashing in a business parking lot near the intersection of I-240 and Pennsylvania Avenue. **CESAR** fled the scene on foot and was not apprehended at that time.[1]

---

[1]   Hours after **CESAR** ran from law enforcement, OCPD received an emergency call from the residence that he and ONTIVEROS shared. The call was placed by **CESAR**'s brother, Jesus Alberto FONSECA (JESUS), who claimed his vehicle, the Dodge Charger, was stolen. OCPD officers and HSI

13.    Law enforcement continued to search for **CESAR** following his attempted arrest in September 2021. [2]    Investigators subpoenaed and analyzed toll data for phone numbers previously associated with the Fonseca DTO, including **Subject Phone**, which was identified as **CESAR**'s phone number in March 2021 while law enforcement was intercepting JOSE's communications.    Although records showed that **CESAR** abandoned the number for a time, recent toll data demonstrated current use.

---

agents responded to the residence and encountered JESUS and ONTIVEROS. Upon arrival, HSI Special Agents identified themselves as federal officers. They informed ONTIVEROS that they were attempting to arrest **CESAR** and that it would be in his best interest if he turned himself in.    ONTIVEROS told HSI Special Agents that around 5:00 p.m., she started the Dodge Charger and left it running in her driveway.    ONTIVEROS claimed that while she was inside her house gathering her children, an unidentified person entered her vehicle and left in it.    She said that she was unable to describe the person who stole the vehicle and that she only saw the Charger being driven away.    When investigators confronted ONTIVEROS about the fact that this was an obviously false statement, she appeared to become extremely nervous and to visibly shake as her breathing became heavier.    ONTIVEROS then admitted that her initial statement to investigators was a lie, that **CESAR** had been driving the Charger, and that it was not stolen.    ONTIVEROS also admitted that she had received a call from **CESAR** from an "unknown" number advising her that he was okay.    During this interaction, the agents advised that they were actively seeking to arrest **CESAR**.    ONTIVEROS identified her cell phone number as (405) 837-1466 and agreed to stay in touch with investigators.    She also displayed a contact within her device labeled "A Mi Amor" linked to (281) 562-8859, a phone number known to law enforcement to have been used previously by **CESAR**.

[2]    On October 5, 2021, a federal grand jury in the Western District of Oklahoma returned an Indictment against **CESAR** and eight others, charging them with the commission of numerous felonies in connection with the investigation described *supra*.    *See United States v. Cesar Alejandro Fonseca-Echevarria*, Case No. CR-21-275-C.    In connection with that Indictment, the Court issued another warrant for **CESAR**'s arrest.

14.     On March 4, 2022, this Court signed an order granting agents a warrant to "ping" **Subject Phone**, which was submitted to T-Mobile.[3]   On the same day, investigators began to receive data indicating that **Subject Phone** was in the Oklahoma City area.

15.     On March 5, 2022, "ping" data indicated that **Subject Phone** was at 2116 SW 70th Street, Oklahoma City, Oklahoma, the residence known to be shared by **CESAR** and ONTIVEROS.   Investigators initiated surveillance there and observed a Hispanic male matching **CESAR**'s description entering the driver's seat of a white Ford Explorer parked in the driveway. [4] ONTIVEROS entered the front passenger side of the vehicle and the couple's children entered the back seat.   Law enforcement maintained surveillance on the Explorer as it left the residence, and multiple additional units arrived in the area as well.   Agents noted that the "ping" began to change location, indicating movement of **Subject Phone**.

16.     Investigators followed the Ford Explorer to a gas station located at NW 10th Street and N. May Avenue in Oklahoma City, where **CESAR** parked and exited the vehicle.   Agents approached him, identified themselves, and

---

[3]     *See In the Matter of the Search of the Cellular Telephone Assignee Call Number 469-703-9320, with International Mobile Subscriber Identity Number 310260299423316*, M-22-160-STE.

[4]     The white Ford Explorer bearing Oklahoma license plate number KXJ323 is registered to ONTIVEROS.   During the pendency of the investigation, agents have observed both **CESAR** and ONTIVEROS driving the vehicle.

arrested him on the outstanding warrant without incident.   ONTIVEROS was also arrested.[5]

17.   Investigators searching **CESAR** incident to his arrest located a black Motorola cell phone—**Subject Phone**, the target of the "ping"—in his front pants pocket.   They also located a white iPhone in plain view on the front passenger seat of the Ford Explorer where ONTIVEROS had been seated, which she also identified as her phone.   Agents collected both devices and maintained custody of them until they were secured in the property room at the HSI Oklahoma City office.[6]   On March 17, 2022, this Court signed orders granting agents warrants to search these devices.[7]

18.   Based upon my training and experience, I am aware that individuals involved in trafficking illegal narcotics often use cell phones and other similar

---

[5]   On March 7, 2022, agents sought and obtained a criminal complaint in United States District Court for the Western District of Oklahoma, charging ONTIVEROS with violations of 18 U.S.C. § 1071 (Concealing Person from Arrest) and 18 U.S.C. § 1001 (False Statement).   *See United States v. Maria Anabel Ontiveros-Martinez*, Case No. M-22-163-P.

[6]   Agents did not recover any additional items from the Ford Explorer. The vehicle and the minor children were released to JESUS at **CESAR**'s request.

[7]   *See In the Matter of the Search of the Search of a Black in Color Motorola Android, Model Unknown, Bearing International Mobile Equipment Identity (IMEI) Number 353776481131413,* M-22-199-P, and *In the Matter of the Search of the Search of a White in Color Apple iPhone, Model Unknown, Bearing International Mobile Equipment Identity (IMEI) Number 357771756934969,* M-22-198-P.

electronic devices, such as tablets, to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such devices and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos. Based upon my training and experience, I know that most drug trafficking—and particularly high-level drug trafficking—is coordinated via cell phones and similar electronic devices. Conspirators use these devices to, *inter alia*, make requests for drug purchases, provide information on price, and set up places to meet for transactions. Consequently, the cellular telephones and similar electronic devices of individuals involved in this drug conspiracy will likely contain evidence of such illegal activity. Therefore, I submit that there is probable cause to believe that the **Subject Device** was used in furtherance of this drug-trafficking conspiracy and will contain evidence of the same.[8]

_____

[8] Further, based upon my training and experience and the evidence gathered during this investigation, I believe that **CESAR** and ONTIVEROS coordinated their movements and efforts to avoid **CESAR**'s apprehension by law enforcement via cell phones, and that ONTIVEROS made false statements about the same, obstructing investigators, when interviewed. Consequently, the information requested will likely contain evidence of such illegal activity, including confirming **CESAR**'s presence at their shared residence during this period. Therefore, I submit that there is additional probable cause to believe that the **Subject Device** was used in furtherance of this effort to conceal **CESAR**'s whereabouts and mislead investigators and the information and records requested will contain evidence of the same.

19.    In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public.   I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records."   Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.   These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.   Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.   Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

20.    Based on my training and experience, I know that T-Mobile can collect cell-site data about **Subject Phone**.   I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

21.    Based on my training and experience, I know that wireless providers

such as T-Mobile typically collect and retain information about their subscribers in their normal course of business.   This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service.   I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business.   In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **Subject Phone**'s user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

22.    Based on the foregoing, I submit that there is probable cause to believe that violation of 21 U.S.C. § 846 (Drug Conspiracy) has occurred and therefore I respectfully request that the Court issue the proposed search warrant for **Subject Phone**, as described in **Attachment A**, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.   I further request that the Court direct T-Mobile to disclose to the government any information described in **Attachment B** that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, I submit that reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

_____

JON DANGLE
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN to before me this 25th day of March, 2022.

_____

GARY M. PURCELL
United States Magistrate Judge

12

**ATTACHMENT A**

**DESCRIPTION OF PROPERTY TO BE SEARCHED**

This warrant applies to records and information associated with the cellular telephone assigned call number **(469) 703-9320**, with **International Mobile Subscriber Identity (IMEI) number 310260299423316** (**Subject Phone**), that is stored at premises controlled by T-Mobile, Inc. (T-Mobile), a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054.

## ATTACHMENT B

## <u>PARTICULAR THINGS TO BE SEIZED</u>

I.    **Information to be Disclosed by the Provider.**

To the extent that the information described in **Attachment A** is within the possession, custody, or control of the provider, T-Mobile, Inc. (T-Mobile), including any information that has been deleted but is still available to T-Mobile, or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), T-Mobile is required to disclose to the government the following information pertaining to the account described in **Attachment A** (the Account) for the time period March 1, 2020, through March 5, 2022:

a. The following information about the customers or subscribers of the Account:

    i.   names (including subscriber names, usernames, and screen names);

    ii.  addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

    iii. local and long-distance telephone connection records;

    iv.  records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol (IP) addresses) associated with those sessions;

    v.   length of service (including start date) and types of service utilized;

    vi.  telephone or instrument numbers including MAC addresses, Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Equipment Identifier (MEID); Mobile Identification Number (MIN), Subscriber Identity Modules (SIM), Mobile Subscriber Integrated Services Digital Network Number (MSISDN); International Mobile Subscriber Identity Identifiers (IMSI), or International Mobile Equipment Identities (IMEI);

    vii.   other subscriber numbers or identities (including the registration IP address); and

    viii.   means and source of payment for such service (including any credit card or bank account number) and billing records.

b.   All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

    i.   the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    ii.   information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received: as well as per-call measurement data (also known as the "real-time tool" or "RTT" data).

II.    **Information to be Seized by the Government.**

All information described above in Section I that constitutes evidence of violations of 21 U.S.C. § 846 (Drug Conspiracy) involving **Cesar Alejandro FONSECA-ECHEVARRIA (CESAR)** during the period March 1, 2020, through March 5, 2022.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by T-Mobile in order to locate the things particularly described in this Warrant.

2